United States District Court
Southern District of Ohio
Western Division

DIANA JOHNSON,                         Case No.  1:05-cv-742

     Plaintiff,                          Magistrate Judge Timothy S. Black

vs.

THE OHIO CASUALTY INSURANCE
COMPANY,

     Defendant.

**ORDER THAT: (1) DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (doc. 4) IS DENIED; and (2) PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (doc. 10) IS GRANTED**

This employment discrimination case is before the Court on Defendant's motion for judgment on the pleadings (doc. 4), and the parties' responsive memoranda (docs. 9, 13).  Also before the Court is Plaintiff's motion for leave to amend complaint (doc. 10), and the parties' responsive memoranda (docs. 14, 15).  The parties have consented to disposition by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (*See* Doc. 6.)

**I.**

Plaintiff was employed by Ohio Casualty for 28 years, most recently as a software engineer.  In 2003, Ohio Casualty gave Plaintiff a marginal performance evaluation and counseled her on how she needed to improve her performance.  (Doc. 1 ¶ 10.)  In May 2004, Plaintiff was placed on probation.  Thereafter, on September 29, 2004, Plaintiff was terminated.

Plaintiff then filed a charged of discrimination with the EEOC on January 29,

2005, alleging age discrimination in employment against Defendant. (*Id*. at ¶ 4.) Subsequently, on November 18, 2005, Plaintiff filed the instant civil action alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.*, and Ohio Rev. Code. Ann. §§ 4112.14 and .99, and wrongful discharge in violation of Ohio public policy. (Doc. 1.)

## II.

### A. Defendant's Motion for Judgment on the Pleadings

Defendant's motion for judgment on the pleading is seeking to dismiss Counts II and III of Plaintiff's complaint. Defendant maintains that Plaintiff elected an administrative remedy, and, therefore, cannot pursue her claims under Ohio Rev. Code. Ann. §§ 4112.14 and .99. Defendant further asserts that Plaintiff's claim under Ohio Rev. Code. Ann. § 4112.99 fails to state a claim as a matter of law because Plaintiff did not file the claim with 180 days. Lastly, Defendant asserts that Plaintiff's claim of wrongful discharge in violation of Ohio public policy should be dismissed because Plaintiff has a statutory remedy. The undersigned disagrees, however, and for the reasons that follow, finds that Defendant's motion is not well-taken.

#### i. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Where, as here, a motion for judgment on the pleadings is based on the argument that the complaint fails to state claim upon which relief may be granted, the

2

Rule 12(c) motion is judged under the same standard of review as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

Thus, the allegations of the complaint must be taken as true and construed liberally in favor of Plaintiff, the non-moving party. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir.1999). The complaint is not to be dismissed "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir.1989). However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir.1993).

> ii.. *Plaintiff's State Law Age Discrimination Claims*

The Ohio Revised Code provides four independent avenues through which an employee can pursue a claim of age discrimination. *Spengler v. Worthington Cylinders*, 438 F.Supp.2d 805, 807 -808 (S.D.Ohio 2006). "The four statutory provisions, all of which are found in Ohio Revised Code Chapter 4112, are as follows: (1) § 4112.02(N), which creates a civil action for violations of subsections (A) and (B) of that section; (2) § 4112.05, which provides for an administrative remedy, permitting the employee to bring a complaint before the Ohio Civil Rights Commission ("OCRC"); (3) § 4112.14(B), which permits a civil action for a violation of subsection (A) of that section; and (4) § 4112.99, which permits a civil action for a violation of any provision of Chapter 4112." *Id.*

In several provisions, Chapter 4112 makes each of the first three remedies expressly exclusive. *Id*. (citing Ohio Rev. Code §§ 4112.08, 4112.12, 4112.14). The fourth statutory remedy, § 4112.99, is neither expressly exclusive, nor expressly subject to an election of remedies bar. *See Talbott v. Anthem Blue Cross & Blue Shield,* 147 F.Supp.2d 860, 861-62 (S.D. Ohio 2001).

Here, Count II of Plaintiff's complaint alleges age discrimination in violation of Ohio Rev. Code Ann. §§ 4112.14 and 4112.99. Defendant argues that Plaintiff's state law age discrimination claims are precluded as a matter of law because Plaintiff elected an administrative remedy, *i.e.,* the filing of an EEOC charge, and such an election gives rise to an exclusive remedy pursuant to Ohio Rev. Code. Ann. § 4112.05.

As noted above, the administrative remedy provided by § 4112.05 provides an exclusive remedy when a claim is filed with the Ohio Civil Rights Commission. Here, however, Plaintiff filed an administrative charge with the EEOC, not the OCRC. The law is clear that "filing a charge with the EEOC is not equivalent to electing an administrative remedy under Ohio Rev. Code. Ann. § 4112.05." *See Reminder v. Roadway Express*, *Inc.,* Case No. 5:04-cv-05281*,* 2006 WL 51129 * 8 (N.D. Ohio January 10, 2006).

In *Reminde*r, the Court found that:

It cannot equate the mere filing of an age discrimination charge with the EEOC with the election of an administrative remedy under § 4112.05. Here, the plaintiffs filed charges with the EEOC pursuant to the requirements of the ADEA. In doing so, the plaintiffs did not elect the remedy set forth in § 4112.05 and thus are not precluded from a seeking

4

judicial remedy under § 4112.14 or § 4112.99.

*Id.*; *see also Spengler v. Worthington Cylinders*, 438 F. Supp.2d 805, 811 (S.D. Ohio 2006) ("Plaintiff's filing of his charge with the EEOC does not amount to an election to pursue his administrative remedy under § 4112.05")

Additionally, Defendant argues that to the extent that Plaintiff is attempting to bring a claim under Ohio Rev. Code. Ann. § 4112.02 by asserting a claim under Ohio Rev. Code Ann. § 4112.99, such claim is barred by the 180-day statute of limitations. However, Plaintiff's complaint is asserting claims of age discrimination under § 4112.14 and § 4112.99 of the Ohio Rev. Code, which claims are governed by a six-year statute of limitations. *See Ziegler*, 249 F.3d at 518 (Sixth Circuit found that § 4112.14 was similarly subject to § 2305.07's six-year limitations period); *Reminde*r, 2006 WL 51129 *5 (to the extent the plaintiffs bring their age discrimination claims under § 4112.14, or under § 4112.99 but premised on a violation of § 4112.14, their claims fall safely within the applicable six-year statute of limitations).

Accordingly, these claims of Plaintiff are not barred by the statute of limitations.

    *iii.*  *Plaintiff's Public Policy Claim*

  Both federal and state courts acknowledge that Ohio law recognizes, under certain circumstances, a claim for tortious wrongful termination in violation of public policy. *See Francis v. United Parcel Service of Am., Inc.*, No. 3:01CV235, 2005 WL 2124134 (S.D. Ohio Aug. 29, 2005); *White v. Honda of Am. Mfg., Inc,.* 191 F.Supp.2d 933, 954 (S.D. Ohio 2002); *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 519 (6th Cir. 2001)*; Smith v. Glaxo Wellcome, Inc.,* No. C-1-96-540, 1998 WL 34024762, (S.D. Ohio June 11, 1998); *Ferraro v. B.F. Goodrich Co.,* 149 Ohio App.3d 301, 316, 777 N.E.2d 282, 294 (Ohio App.2002)*.*

  Defendant asserts, however, that it is entitled to judgment as a matter of law on Plaintiff's Ohio public policy claim because Plaintiff's claims under the ADEA and Ohio Rev. Code, Ch. 4112, provide remedies for age discrimination.  Defendant's argument lacks merit, however.  *See Collins v. Rizkana*, 73 Ohio St.3d 65, 73, 652 N.E.2d 653, 660-661 (Ohio 1995). (There was no indication that the legislature intended the Civil Rights Act to constitute the exclusive remedy for every conceivable workplace discriminatory action and to exclude existing common-law actions); *see also* Ferraro, 149 Ohio App.3d at 316, 777 N.E.2d at 294 (Argument that such a claim [wrongful discharge based on public policy] is precluded by the availability of coexistent statutory remedies is without merit)  Thus, dismissal of Plaintiff's public policy claims is improper at this stage of the litigation.

  Accordingly, the Court finds that Defendant's motion for judgment on the

pleadings (doc. 4) is not well-taken, and the motion is therefore **DENIED.**

  B. <u>Plaintiff's Motion to Amend Complaint</u>

Leave to amend a complaint shall be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). However, denial of a motion to amend is proper "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied,* 517 U.S. 1121 (1996).

Plaintiff moves to amend her complaint to add claims of gender and disability discrimination under Ohio law, and violations of the Family Medical Leave Act (FMLA) and the Employee Retirement Insurance Security Act (ERISA). Accordingly, Plaintiff's proffered amended complaint contains the following claims:

> Count I: Age discrimination, ADEA; 29 U.S.C. § 623 *et seq*;
> Count II: Age discrimination, Ohio Rev. Code Ann. § 4112.14 and § 4112.99;
> Count III: Wrongful Discharge in Violation of Ohio Public Policy;
> Count IV: Disability Discrimination, Ohio Rev. Code Ann. § 4112.02;
> Count V: Violation of FMLA, 29 U.S.C. § 2615(a)(1);
> Count VI: FMLA Retaliation, 29 U.S.C. § 2615(a)(2);
> Count VII: Violation of ERISA, 29 U.S.C. § 1001, *et seq*.; and
> Count VIII: Gender Discrimination, Ohio Rev. Code Ann. § 4112.02.

(Doc. 10, Ex. 1.)

Defendant opposes Plaintiff's motion and asserts that the motion should be denied, in part, because the proposed amendments are futile. Specifically, Defendant reasserts

the arguments made in its motion for judgment on the pleadings with respect to Counts II and Count III.  Defendant further asserts that Counts V, VI, and VII, alleging violations of FMLA and ERISA, are vague and would be subject to a motion for a more definite statement.  Defendant's contentions are not well-taken.

For the reasons stated above, Counts II and III are not futile, and they shall proceed at this time.  (*See supra*, pages 3-6.)

With respect to Plaintiff's proposed FMLA and ERISA claims, Plaintiff asserts that there is no authority in support of a heightened pleading requirement for those claims, and that Counts V, VI, and VII need only be pled under the well established principles of notice pleading.  *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (Notice pleading requires only that a party be given fair notice of what the [claimant's] claim is and the grounds upon which it rests.).  The undersigned agrees.

Here, Counts V and VI provide fair notice to Defendant that Plaintiff is claiming that Defendant improperly refused to granted Plaintiff's FMLA request, terminated her in violation of 29 U.S.C. § 2615(a)(1), and unlawfully retaliated against her for exercising her right to request FMLA leave in violation of 29 U.S.C. § 2615(a)(2).

Furthermore, Count VII provides fair notice to Defendant that Plaintiff claims that she was terminated to avoid vesting of ERISA benefits.  Both the FMLA and ERISA provide relief for such claims.  *See Schirmer v. Enerfab, Inc*. Case No. 1:04CV345, 2006 WL 2612894, *10 (S.D.Ohio 2006) citing 29 U.S.C. § 2615(a)(1), 29 U.S.C. § 2615(a)(2) (It is unlawful for an employer to discharge or in any other manner discriminate against

any individual for opposing any practice made unlawful by the FMLA.  The FMLA also prohibits an employer from interfering with, restraining, or denying the exercise of or the attempt to exercise its employees rights under the statute); *see also Ritter v. Hughes Aircraft* Co.,  58 F.3d 454, 457 -458 (9th Cir. 1995) (Section 510 of ERISA, 29 U.S.C. § 1140, prohibits an employer from terminating an employee in order to prevent the vesting of pension rights).

### III.

Accordingly, **IT IS THEREFORE ORDERED THAT** Defendant's motion for judgment on the pleadings (doc. 4) is **DENIED**; and Plaintiff's motion for leave to amend the complaint (doc. 10) is **GRANTED**.  Plaintiff's counsel is **DIRECTED** to **FILE** Plaintiff's Amended Complaint electronically with the Court.


DATE:  September 29, 2006                                    s/Timothy S. Black
                                                             Timothy S. Black
                                                             United States Magistrate Judge

9